UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETH DEGRASSI, on behalf of herself and others similarly-situated | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:15-cv-577-ALM |
| NICKA & ASSOCIATES, INC. and SHARON NICKA, | | Jury Demanded |
| Defendants. | | |

_____

**CONSENT ORDER APPROVING SETTLEMENT**
_____

    1.    On August 24, 2015, Plaintiff Beth Degrassi filed this collective action on behalf of herself and a similarly-situated group of individuals against Nicka & Associates, Inc. ("NAI"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that NAI failed to pay Plaintiff overtime hours for work in excess of forty hours per week or at the minimum wage. On April 4, 2016, the Court granted Plaintiff leave of court to file Plaintiff's First Amended Class Action Complaint [Dkt. #25] to join Sharon Nicka, President and Chief Executive Officer of the Company, as a defendant in this lawsuit, on the basis that Ms. Nicka is allegedly a putative employer of Plaintiff and the putative Class Members under the FLSA [Dkt. #29]. NAI and Ms. Nicka shall herein collectively be referred to as "Defendants."

    The parties have engaged in written discovery. The parties have negotiated a settlement that will fully and finally resolve all of Plaintiffs' claims. The Court has reviewed the Confidential Settlement Agreement and the record as a whole, and hereby holds as follows:

Plaintiffs believe that their claims have merit and have pursued them vigorously. Defendants deny Plaintiffs' allegations and aver that Ms. Nicka is not an employer under the FLSA and they have not committed any unlawful practices insofar as Plaintiffs are exempt from overtime requirements under Section 213 of the FLSA. The Parties have concluded that the further conduct of this action would be protracted and expensive. To limit further expense and inconvenience, the parties have agreed to fully and finally settle this matter and aver that this settlement resolves a *bona fide* dispute under the FLSA.

The Court finds the settlement, and the terms of the agreement for settlement, to be fair and reasonable and the result of a reasonable compromise of genuine and serious *bona fide* disputes of law and fact between the parties. The Parties' Joint Motion to Approve Settlement is **GRANTED**. The Confidential Settlement Agreement, attached to the Joint Motion to Approve Settlement, is hereby approved by the Court and is binding and enforceable against the Plaintiffs.

In accordance with the terms of the Settlement Agreement as hereby approved, it is **ORDERED**: As set forth in the Confidential Settlement Agreement, all claims Plaintiffs may have against Defendants relating to Plaintiffs' wages and hours during their employment with NAI, including against Sharon Nicka or any of NAI affiliates or related entities, organizations, officers, owners, directors, shareholders, employees, attorneys and/or representatives, including, but not limited to, claims under the FLSA, are hereby dismissed and Plaintiffs will forever hold Defendants harmless from any and all claims, causes of action, demands or suits, whether civil or criminal, at law or in equity, known or unknown, fixed or contingent, liquidated or un-liquidated, arising or existing on or at any time prior to the execution of the Confidential Settlement Agreement relating to Plaintiffs' wages and hours during their employment with NAI.

Each Plaintiff is hereby deemed to have agreed to the Confidential Settlement Agreement. Cashing or otherwise negotiating any check issued to a Plaintiff per the terms of the settlement constitutes and shall be deemed additional evidence of acceptance of the settlement and acceptance of the terms of the Confidential Settlement Agreement and this Order. By reason of the payments contemplated by this Order, Plaintiffs have now been paid in full for all hours worked for NAI to the date of the execution of the Confidential Settlement Agreement and are owed no further monies for any such services or work performed prior to that date. All claims specified above, including but not limited to all claims and causes of action asserted in this lawsuit, are dismissed with prejudice. Each party shall bear and pay for its own costs and attorney's fees. The Confidential Settlement Agreement submitted to this Court under Seal shall be treated as confidential.

This Order is part of a settlement and compromise between the Parties and may not be used in any other proceeding or for any other purpose by anyone. This Order is binding on all Parties to this case, including all opt-in Plaintiffs. This Order will become final upon entry. The Court will retain jurisdiction over the lawsuit to enforce the Confidential Settlement Agreement, if necessary.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**SIGNED this 21st day of April, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE